AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of      Delaware

UNITED STATES OF AMERICA

V.

Edward Brosky
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08-135M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 18 USC § 2252A .
  - ☐ under 18 U.S.C. § 924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
AUG 12 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by     clear and convincing evidence     a preponderance of the evidence: Defendant was detained because there are no conditions or combination thereof that will reasonable assure his appearance as required and the safety of the community . Defendant is charged with child porn offense for which the rebuttable presumption applies. Defendant has not rebutted that presumption and the evidence against defendant is substantial in support of the offense, which supports the issue of danger to the community. The charge against defendant is receipt of child pornography. The evidence shows that defendant had such pornography organized in excruciating detail. In one folder alone there were 90,000 images of pornography of which two-thirds wa child erotica or pornography. There are two hard drives involved and the initial pornography comes from one file. His wife admittedly was aware of her husband prediliction and had told him to stop – she knew that he had a collection of child pornography and claims that she knew it was wrong. Despite his wife's requests, defendant continued collecting child ponrnography. The evidence shows that defendant received and distributed child porn.

Two computers and 8 hard drives, 10 DLTs and a number of CDs and DVDs contain images of child porn. Defendant sought out websites know for child porn, as evidenced by printouts and notes for such sites. Defendant collects and maintains complete series of child pornography and meticulously details what pictures in a series that he has and is missing. Defendant admitted to a preference of age 9 to 10 year old girls. Defendant lives near St. Edmonds Academy, a children's grade school and 5 children live on his street. He also has a 3 year old granddaughter and a number of

his pictures of child porn included children younger than 9-10 years old. His present wife is employed full-time. Defendant has no contact with the children from his first marriage (defendant is 72 years old). He admits to being involved with child porn for at least the last 10 years. Although defendant has no arrest record, the offense which he faces is a crime of violence; he used groups to obtain his pron; he prefers prepubescent females and he committed the offense in his home which his granddaughter visits. His guideline range is 188 to 235 months.

In light of the nature of the offense and the evidence in support of the offense, I find that defendant is a danger to the community for which no conditions or combination thereof may be imposed to reasonably prevent him from being a danger, particularly in light of defendant refusal or inability to stop collecting such pornography. Therefore, defendant should be detained.

AO 472  (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

August 12, 2008
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).